UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | * | CRIMINAL NO. 21-126 |
|---|---|---|
| v. | * | SECTION: S |
| EMPIRE BULKERS LTD.<br>JOANNA MARITIME LIMITED<br>WARLITO TAN | *<br><br>* | |

* * *

## UNITED STATES' OPPOSITION TO DEFENDANTS' MOTION FOR DISCOVERY OF SEALED INVESTIGATIVE REPORTS (REC. DOCS. 67 and 72)

On December 28, 2021, defendant Warlito Tan (Tan) filed a Motion to Dismiss Indictment Due to Constitutional and Statutory Violations and set the hearing before the Honorable Mary Ann Vial Lemmon on January 13, 2022. *See* Rec. Doc. 66.[1] In that motion, Tan requests disclosure of Court ordered *ex parte* government investigative updates.[2] Rec. Doc. 66-1 at 2, 13. Later the same day, Tan filed the instant motion before this Court, seeking the same materials. Rec. Doc. 67. In support of the motion before this Court, Tan incorporates by reference the reasoning in his similar motion filed before Judge Lemmon. *Id*. at 2.

The government's response to the motion before Judge Lemmon is due on Wednesday, January 5, 2022 with oral argument on January 13, 2022. Considering this, it is unclear why Tan filed the instant motion before this Court and set the government response and hearing dates on the days prior to those before Judge Lemmon. The government respectfully suggests that the legal

---

[1] On January 3, 2022, corporate defendants Empire Bulkers Ltd. and Joanna Maritime Limited moved to join in the motion before Judge Lemmon (Rec. Doc. 69), and on January 4, 2022, the motion before this Court (Rec. Doc. 72).
[2] Prior to indictment, the Honorable Barry W. Ashe presided over this matter, and the Honorable Janis van Meerveld monitored the government's investigation due to the involvement of foreign material witnesses. *See* In Re: Joanna MV; Case No. 21-mc-592. Although Tan claims to be unaware "why the government sought to file under seal its various reports," as he well knows, the government was ordered to do as such by Judge van Meerveld. *See, e.g., id*. at Rec. Docs. 42, 49, 74.

issues before Judge Lemmon must be resolved prior to any discovery being considered. Nevertheless, and out of an abundance of caution, the government respectfully incorporates by reference herein its response to Tan's Motion to Dismiss which will be filed on January 5, 2022.

In summary, Tan wildly speculates that the government, as officers of the Court, intentionally and repeatedly lied to the federal district judge and federal magistrate judge supervising the government's pre-indictment investigation. Tan alleges that the government did this to "prolong [his] functional detention as a supposed material witness when in fact the government was holding him as a target and putative defendant." Rec. Doc. 67 at 2. These allegations are not only a continuation of the defendants' historical inflammatory practices, they are also without foundation and misleading. Notably, Judge van Meerveld held:

> The vessel owner/operators have protested that the government's alleged concerns about decorum are without merit, are insulting, and a low blow. They insist they have merely diligently represented a client and zealously advocated non-frivolous positions, and, as such, this factor does not weigh in favor of moving the crewmembers to New Orleans. Chief Tan similarly argues that while the detainees may "have sometimes requested their basic human rights," they "have done so only appropriately." The court strenuously disagrees. Since March 2021, the court has overseen numerous proceedings in this matter, held biweekly and then weekly status conferences for months, has had many interactions with counsel, and has had access to many of their internal communications. In tone, content, targeted personal attacks, misrepresentations, hyperbole, and abuse of process, the conduct of certain defense and witness lawyers has been extraordinarily aggressive and contentious, to say the least. Their tactics and vitriol have ratcheted up the temperature of the litigation, delayed proceedings, and caused unnecessary filings. This is a major reason for the court insisting that the depositions occur here. Any such gamesmanship or misconduct in the course of the depositions runs a huge risk of derailing them and thus delaying the witnesses' departure. By holding these depositions in the undersigned's courtroom, the court will have the opportunity to quickly step in if needed.

October 6, 2021 Order and Reasons (van Meerveld, J.) at 5-6, attached as Exhibit A.

Defendants have neglected to mention that they already litigated the constitutionality of the material witness statute and Tan's complaint that his detention as a material witness was a

pretextual "ruse" during the pre-indictment litigation. *See* October 6, 2021 Order and Reasons (van Meerveld, J.) at 16-21, attached as Exhibit B. Recognizing Supreme Court precedent in *Ashcroft v. al-Kidd*, 563 U.S. 731 (2011), Judge van Meerveld correctly held: "While this court can consider whether the warrants in this case were validly issued, it cannot strike otherwise valid warrants because the government may also be contemplating charging some or all of these witnesses." *Id*. at 19. Because the original material witness warrants were valid (and the defendants still have not challenged their validity) "following the guidance of the Supreme Court in *al-Kidd*, the government's subjective intent is not a relevant constitutional consideration." *Id*. at 20.

Tan appealed this ruling to the District Court making many of the same arguments as now. Case No. 21-mc-592, Rec. Docs. 86, 86-1, 106. Judge Ashe affirmed Judge van Meerveld's holdings and adopted the decision as his own. *Id*. at Rec. Doc. 128.[3]

The same reasoning applies now and is fatal to Tan's endeavors. As he must, Tan concedes that the government's "subjective intent is irrelevant under the Fourth Amendment when it comes to the arrest of a person under the material witness arrest statute." Rec. Doc. 66-1 at 8. The validity of his material witness warrant is what justified Tan's pre-indictment detention[4] in the United States, not his subsequent and baseless speculation about the details of the government's pre-indictment investigation. Although Judge van Meerveld held the government to a strict schedule

---

[3] These Orders also constitute law of the case: "Under the law of the case doctrine and general principles of comity, a successor judge has the same discretion to reconsider an order as would the first judge, but should not overrule the earlier judge's order or judgment merely because the later judge might have decided matters differently." *United States v. O'Keefe*, 128 F.3d 885, 891 (5th Cir. 1997).

[4] Tan was not incarcerated. He was free to travel about the Eastern District of Louisiana. Pursuant to a Security Agreement with the companies to allow the *MV Joanna* to depart the United States, the government required that the companies cover Tan's lodging, salary, medical care, and a per diem. *See* Exhibit B at 27. The government also assisted with Tan returning to the Philippines after his father passed and agreed to extend his stay in the Philippines when he was not needed on the date he was originally scheduled to return. *Id*. at 3 ("Just as with Tan, all parties moved most expeditiously (over the course of one afternoon), to make this happen. . . ."). Moreover, the government compiled a local Filipino resource guide for Tan and the other witnesses, which included Filipino religious services, restaurants, and historical attractions. *See* Exhibit C.

in completing its investigation, she recognized that extenuating circumstances had prolonged the government's investigation, including COVID and its resulting impact on the availability of grand juries, Hurricane Ida, the voluminous evidence to be reviewed, the extensive litigation caused by the defendants, and delay caused by the defendants. Case No. 21-mc-592; Rec. Doc. 145 at 2, Rec. Doc. 175 at 5-6.

Tan further claims that he is entitled to the *ex parte* investigatory reports because either the information in the status reports is not grand jury material or because the grand jury has concluded. Rec. Doc. 67-1 at 2-3. First, the reports do contain a discussion of matters occurring before the grand jury. Second, the grand jury has not concluded. Third, the status reports are not discoverable under Rule 16 and do not contain facts not otherwise disclosed in discovery. Finally, the government prepared and submitted the reports in response to Court order. Additionally, the government's reports to Judge van Meerveld include discussion of matters that are pre-decisional, reveal the government's deliberative process and strategic planning, as well as other information concerning matters unrelated to Tan and which are still under investigation. Tan is not entitled to this information, it is irrelevant to the charges he faces, and the government has a significant interest in the reports remaining sealed. *See, e.g., In re U.S. Dept. of Homeland Sec.*, 459 F.3d 565 (5th Cir. 2006) (the court must balance "the government's interest in confidentiality against the litigant's need for the documents.").

Judge van Meerveld was intimately involved in the facts and circumstances of this case, and at no time questioned the government's integrity – even in light of the numerous allegations made by the defendants and other material witnesses. To the contrary, Judge van Meerveld

"remain[ed] convinced that the government [was] moving as quickly as possible to complete its investigation" despite obstacles beyond its control. Case No. 21-mc-592, Rec. Doc. 145 at 3.[5]

## CONCLUSION

For the foregoing reasons, and for the reasons further detailed in the government's response to the defendants' Motion to Dismiss, the defendants' instant motion should be denied.

Respectfully Submitted,

| | |
|---|---|
| TODD KIM | DUANE A. EVANS |
| Assistant Attorney General | United States Attorney |
| Environmental & Natural Resources Division | |
| U.S. Department of Justice | |
| | |
| *s/ Richard A. Udell* | *s/ G. Dall Kammer* |
| Richard A. Udell | G. Dall Kammer (26948) |
| Senior Litigation Counsel | Assistant U.S Attorney |
| Environmental Crimes Section | 650 Poydras Street, Suite 1600 |
| U.S. Department of Justice | New Orleans, LA 70130 |
| 50 M St., N.E./Room 4206 | Telephone: (504) 680-3168 |
| Washington, D.C. 20044 | Email: dall.kammer@usdoj.gov |
| Telephone: (202) 305-0361 | |
| Email: richard.udell@usdoj.gov | |

---

[5] Nevertheless, if this Court requires further assurance despite the foregoing, the government has no objection to the Court reviewing the reports *in camera*. The sealed status reports are located in the record of Case No. 21-mc-592 at Rec. Docs. 47, 60, 73, 82, 101, 112, 119, 126, 136, 142, 154, and 163.

## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all defense counsel of record.

*s/ G. Dall Kammer*
G. DALL KAMMER
Assistant United States Attorney
