UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO: 21-126** |
| | * | |
| v. | * | **SECTION: "S" (4)** |
| | * | |
| **EMPIRE BULKERS, LTD.,** | * | |
| **JOANNA MARITIME LIMITED, AND** | * | |
| **WARLITO TAN** | * | |

\* \* \* \*

## REPLY MEMORANDUM TO ORGANIZATIONAL DEFENDANTS' RESPONSES TO MOTION TO RELEASE WITNESSES FROM TRIAL SUBPOENAS

**NOW INTO COURT**, through undersigned counsel, come witnesses Haldun Akkaya, Manuel Baliad II, Bienvenido Cabanayan Jr., Gerone Bernabe, Nimuel Nalogon, and Louie Gonzaga ("Witnesses") who respectfully submit this reply to the organizational defendants' responses to witnesses' motion to release them from complying with trial subpoenas issued in October 2021. The takeaway from those responses, for the reasons set forth below, supports the Witnesses' Motion that they should be released from their trial subpoenas in this matter and that the previously taken videotaped Rule 15 depositions be used instead.

By Order dated April 11, 2021 (Rec. Doc. 133), this Court ordered the Defendant Empire Bulkers to file a memorandum indicating their position regarding the instant Motion and the logistics involved in securing the appearance at trial of any of the Witnesses who are at sea under contract at the time of trial, presently scheduled for May 23, 2022. Any replies to such memoranda are to be filed by April 22, 2022 at noon, CST.

Defendant Joanna Maritime Limited (at times referred to herein with Empire Bulkers, Ltd. as the "Organizational Defendants") states in its response (Rec. Doc. 137) that

Witness Akkaya is scheduled to rejoin the M/V Joanna later this month, for a six-month term of employment.  He will take over as the Captain of the M/V Joanna when it arrives in port in Pireaus, Greece.  Due to his qualifications and experience as a Captain, as well as his familiarity with this vessel, he would difficult to replace.  More importantly, he will not only lose the financial benefit of his contract ($52,800), but he would not be eligible for reemployment on that vessel until his replacement's contract expires in late 2022 or 2023.

Defendant Empire Bulkers Ltd. states in its response (Rec. Doc. 138) that none of the Witnesses are its employees.  It is merely the technical manager of the vessels on which the Witnesses are presently under contract.  Moreover, and more importantly, it states that these Witnesses are presently on vessels all over the world and that requiring these witnesses to leave those vessels to return to New Orleans for trial would be a logistical nightmare given the present locations of those vessels; when a crew change would be achievable; differing protocols and procedures around the world associated with the ongoing COVID-19 pandemic, and differing visa requirements in certain countries creating logistical problems for both the departing and replacement crewmembers.  And, like Captain Akkaya, if forced to leave their present contracts, the Witnesses would not only lose the financial benefit of their instant contracts, but would, most likely, be unable to seek immediate re-employment, at least on their current vessel.  Lastly, the costs associated with requiring these Witnesses to return to New Orleans is significant.  And, it is unclear who would bear responsibility for those collateral costs associated with having these Witnesses return to New Orleans from various locations around the world.

Only the government is objecting to the Witnesses' Motion to be released from their trial subpoenas and that their Rule 15 depositions be used at trial of this matter instead (Rec. Doc. 126).  And, for the reasons more specifically set forth in the Witnesses' Reply to the

government's objection to their Motion (Rec. Doc. 132), the government's position is not only untenable but, most likely, logistically impossible, and unwarranted, given the previously videotaped Rule 15 depositions of each witness.

None of the Defendants in this case objects to the use of the videotaped Rule 15 depositions taken of all Witnesses last October (except Witness Gonzaga, whom neither side chose to depose) in this case (Rec. Doc. 127, 137, 138). [1]   Only the government is insisting that the Witnesses be forced to leave the ships for which they are currently under contact, at various ports around the world, lose the financial benefit of their current contracts, and suffer further financial losses occasioned by their inability to be immediately re-employed once their testimony at trial is completed, and various other costs explained by Defendant Empire Bulkers, Ltd. in its Response.

The Organizational Defendants each state the provisions of the Agreement of Security (Rec. Doc. 126-3) are no longer in force and effect and, in fact, have long since expired, as the agreement to pay the Witnesses was extinguished following the completion of the Rule 15 depositions and the Witnesses repatriation to their home countries last October.  On April 11, 2022, undersigned counsel sent an e-mail to the government requesting that it advise whether it was taking the position, as was suggested in its opposition to the instant Motion, that paragraph 3(e) of the Agreement required the vessel interests to continue to pay the salaries of the Witnesses even after they were released by this Court to return home last October (Exhibit A). To date, the government has not responded to that e-mail.

**WHEREFORE,** Witnesses respectfully pray this Honorable Court will forthwith release them from their duly served trial subpoenas in this matter.

---

[1]   As previously indicated, Witness Nimuel Nalogon has not responded to numerous e-mails from counsel since last October.  It is unknown whether he was impacted in some way by Typhoon Rai, which hit the Philippines in December 2021.

Respectfully submitted,

*/s/ Jacob K. Weixler*
Jacob K. Weixler (36076)
Weixler Law LLC
P.O. Box 52197
New Orleans, Louisiana 70152-2197
Tel.: (504) 408-2180
Fax: (504) 814-1728
jkw@weixlerlaw.com

-AND-

*/s/ Bruce M. Merrill*
Bruce M. Merrill (Me. Bar No. 7623)
*Trial Attorney*
Law Offices of Bruce M. Merrill, P.A.
225 Commercial Street
Suite 501
Portland, ME  04101
(207)  775-3333
mainelaw@maine.rr.com
*Admitted Pro Hac Vice*

*Attorneys for Haldun Akkaya, Manuel Baliad II, Bienvenido Cabanayan Jr., Gerone Bernabe, Nimuel Nalogon, and Louie Gonzaga*

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2022, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Jacob K. Weixler*
JACOB K. WEIXLER