U.S. Coast Guard Maritime Law Enforcement Manual (MLEM)

# Appendix V
# Environmental Crimes: Voluntary Disclosure Policy

**Introduction**

This appendix provides information on the Coast Guard's environmental crimes voluntary disclosure policy.

**In this Appendix**

This appendix contains the following information:

| Topic | See Page |
|---|---|
| Introduction | V-3 |
| Definitions | V-3 |
| Compliance Management System | V-3 |
| Self-Policing | V-4 |
| Conditions to Qualify for Participation | V-4 |
| Other Issues | V-8 |

DEFENDANT'S
EXHIBIT
9

V-1 CH-4





UNITED STATES COAST GUARD
1790

U.S. Coast Guard Maritime Law Enforcement Manual (MLEM)

CH-4 V-2

## Voluntary Disclosure Policy

**Introduction**

This Policy is designed to enhance the protection of human health and the marine environment by encouraging regulated entities to voluntarily discover, disclose, correct, and prevent violations of Federal environmental requirements.

## Definitions

**V.1. Environmental audit report**

The documented analysis, conclusions, and recommendations resulting from an environmental audit, but does not include data obtained in, or testimonial evidence concerning, the environmental audit.

**V.2. Regulated entity**

Any entity regulated under Federal environmental laws.

## Compliance Management System

**Introduction**

The Disclosure Policy uses the term "compliance management system" instead of "due diligence". The term "compliance management system" is intended solely to conform the Policy language to terminology more commonly in use by industry and by regulators to refer to a systematic management plan or systematic efforts to achieve and maintain compliance. No substantive difference is intended by substituting the term "compliance management system" for "due diligence," as the Policy clearly indicates that the compliance management system must reflect the regulated entity's due diligence in preventing, detecting and correcting violations.

Compliance management programs that train and motivate employees to prevent, detect and correct violations on a daily basis are a valuable complement to periodic auditing. Where the violation is discovered through a compliance management system and not through an inspection, the disclosing entity should be prepared to document how its program reflects the due diligence criteria defined in V.3. of this Manual. These criteria, which are adapted from existing codes of practice—such as Chapter Eight of the U.S. Sentencing Guidelines for organizational defendants, effective since 1991—are flexible enough to accommodate different types and sizes of businesses and other regulated entities. The Coast Guard recognizes that a variety of compliance management programs are feasible, and it will determine whether basic due diligence criteria have been met in deciding whether to grant credit under the Disclosure Policy.

**V.3. Regulated Entity's Documented Systematic Efforts**

Encompasses the regulated entity's efforts, to prevent, detect and correct violations through all of the following:

- Compliance policies, standards and procedures that identify how vessel employees and agents are to meet the requirements of laws, regulations, enforceable agreements and other sources of authority for environmental requirements;
- Assignment of overall responsibility for overseeing compliance with policies, standards, and procedures, and assignment of specific responsibility for assuring compliance aboard each vessel;
- Mechanisms for systematically assuring that compliance policies, standards and procedures are being carried out, including monitoring and auditing systems reasonably designed to detect and correct violations, periodic evaluation of the overall performance

of the compliance management system, and a means for employees or agents to report violations of environmental requirements without fear of retaliation;
- Efforts to communicate effectively the regulated entity's standards and procedures to all employees and other agents;
- Appropriate incentives to managers and employees to perform in accordance with the compliance policies, standards and procedures, including consistent enforcement through appropriate disciplinary mechanisms; and
- Procedures for the prompt and appropriate correction of any violations, and any necessary modifications to the regulated entity's compliance management system to prevent future violations.

## Self-Policing

**V.4 Incentives for self-policing**

If a regulated entity establishes that it satisfies conditions in V.5. of the Disclosure Policy, the Coast Guard will not recommend to the U.S. Department of Justice or other prosecuting authority that criminal charges be brought against the disclosing entity, as long as the Coast Guard determines that the violation is not part of a pattern or practice that demonstrates or involves:

- A prevalent management philosophy or practice that conceals or condones environmental violations; or
- High-level corporate officials' or managers' conscious involvement in, or willful blindness to, violations of Federal environmental law.

Whether or not the Coast Guard recommends the regulated entity for criminal prosecution under this section, the Coast Guard may recommend for prosecution the criminal acts of individual managers or employees under existing policies guiding the exercise of enforcement discretion.

## Conditions to Qualify for Participation

**Introduction**

This section provides information regarding conditions that a regulated entity must meet in order to qualify for participation in the Coast Guard's voluntary disclosure policy.

Pursuant to the Coast Guard's Voluntary Disclosure Policy, any violation must have been discovered through either an environmental audit, or a compliance management system that reflects due diligence in preventing, detecting and correcting violations. Both "environmental audit" and "compliance management system" are defined in sections V.1. and V.3. of this Manual.

**V.5. Conditions**

The conditions discussed in sections V.5.a. through V.5.h. must be met for a regulated entity to qualify for participation in the Coast Guard's Voluntary Disclosure Policy.

**V.5.a. Voluntary Discovery**

The violation was discovered voluntarily and not through a legally mandated monitoring or sampling requirement prescribed by statute, regulation, judicial or administrative order, or consent agreement. This does not include violations discovered through a compliance audit required to be performed by the terms of a consent order or settlement agreement, unless the audit is a component of agreement terms to implement a comprehensive environmental management system.

The voluntary requirement applies to discovery only, not reporting. That is, any violation that is voluntarily discovered is generally eligible for Disclosure Policy credit, regardless of whether reporting of the violation was required after it was found.

**V.5.b. Prompt Disclosure**

Requires that the regulated entity disclose the violation in writing to the Coast Guard within 21 calendar days of discovery. This disclosure is not required to be a complete investigation of the violation by the regulated entity, but must clearly identify the known particulars of the specific incident. If the 21st day after discovery falls on a weekend or Federal holiday, the disclosure period will be extended to the first business day following the 21st day after discovery. If a statute or regulation requires the entity to report the violation in fewer than 21 days, disclosure must be made within the time limit established by law. (For example, unpermitted discharges of oil or hazardous substances must be reported immediately under 33 USC 1321(b)(5).) Disclosures under this policy should be made to the nearest Coast Guard unit, the National Response Center, and, where applicable, to individuals predesignated in response plans or, where multiple Regions are involved, to Coast Guard Headquarters. For additional guidance on making disclosures, contact Commandant (CG-941).

The 21-day disclosure period begins when the regulated entity discovers that a violation has, or may have, occurred. The trigger for discovery is when any officer, director, employee or agent of the regulated entity has an objectively reasonable basis for believing that a violation has, or may have, occurred. The "objectively reasonable basis" standard is measured against what a prudent person, having the same information as was available to the individual in question, would have believed. It is not measured against what the individual in question thought was reasonable at the time the situation was encountered. If a regulated entity has some doubt as to the existence of a violation, the recommended course is for the entity to proceed with the disclosure and allow the regulatory authorities to make a definitive determination.

If the 21-day period has not yet expired and an entity suspects that it will be unable to meet the deadline, the entity should contact the appropriate Coast Guard office, in advance, to develop disclosure terms acceptable to the Coast Guard. For situations in which the 21-day period has already expired, the Coast Guard may accept a late disclosure in the exceptional case, such as where there are complex circumstances, including where the Coast Guard determines the violation could not be identified and disclosed within 21 calendar days after discovery.

The Coast Guard may also extend the disclosure period when multiple vessels are involved. In the multi-vessel context, the Coast Guard will ordinarily extend the 21-day period to allow regulated entities reasonable time for completion and review of multi-vessel audits where: (a) the Coast Guard and the regulated entity agree on the timing and scope of the audits prior to their commencement; and (b) the vessels to be audited are identified in advance. In the acquisitions context, the Coast Guard will consider extending the prompt disclosure period on a case-by-case basis. The 21-day disclosure period will begin on the



date of discovery by the acquiring entity, but in no case will the period begin earlier than the date of acquisition.

It is critical for the Coast Guard to receive timely reporting of violations in order to have clear notice of the violations and the opportunity to respond if necessary. Prompt disclosure is also evidence of the regulated entity's good faith in wanting to achieve or return to compliance as soon as possible. The integrity of Federal environmental law depends upon timely and accurate reporting. The public relies on timely and accurate reports from the regulated community, not only to measure compliance but also to evaluate health or environmental risks and to gauge progress in reducing pollutant loadings. The Coast Guard expects the Disclosure Policy to encourage the kind of vigorous self-policing that will serve these objectives and does not intend that it justify delayed reporting. When violations of reporting requirements are voluntarily discovered, they must be promptly reported. When a failure to report results in imminent and substantial endangerment or serious harm to the environment, Disclosure Policy credit is precluded under condition V.5.g.

**V.5.c. Discovery and Disclosure Independent of Government or Third-Party Plaintiff**

The regulated entity must discover the violation independently. That is, the violation must be discovered and identified before the Coast Guard or another government agency likely would have identified the problem either through its own investigative work or from information received through a third party. This condition requires regulated entities to take the initiative to find violations on their own and disclose them promptly instead of waiting for an indication of a pending enforcement action or third-party complaint.

Specifically, the regulated entity discovers and discloses the potential violation to the Coast Guard prior to:

- The commencement of a Federal, State or local agency inspection or investigation;
- Notice by a third party;
- The reporting of the violation to the Coast Guard or other government agency by a "whistleblower" employee, rather than by one authorized to speak on behalf of the regulated entity; or,
- Imminent discovery of the violation by a regulatory agency.

Regulated entities that own or operate multiple vessels are subject to section V.5.b. in addition to V.5.a. The Coast Guard encourages multi-vessel auditing and does not intend for the "independent discovery" condition to preclude availability of the voluntary disclosure policy when multiple vessels are involved. Thus, if a regulated entity owns or operates multiple vessels, the fact that one of its vessels is the subject of an investigation, inspection, information request or third-party complaint, does not automatically preclude the Coast Guard from granting Disclosure Policy credit for disclosures of violations self-discovered at the other vessels, assuming all other policy conditions are met. However, just as in the single-vessel context, where a vessel is already the subject of a government inspection, investigation or information request (including a broad information request that covers multiple vessels), it will generally not be eligible for Disclosure Policy credit. The Disclosure Policy is designed to encourage regulated entities to disclose violations before any of their vessels are under investigation, not after the Coast Guard discovers violations aboard the regulated entity's vessel. Nevertheless, the Coast Guard retains its full discretion under the Disclosure Policy to waive a recommendation of criminal prosecution for good-faith disclosures made in the multi-vessel context.

**V.5.d. Correction and Remediation**

The regulated entity must correct the violation within 60 calendar days from the date of discovery, or as expeditiously as possible. The Coast Guard retains the authority to order an entity to correct a violation within a specific time period shorter than 60 days whenever correction in such shorter period of time is feasible and necessary to protect public health

and the environment adequately. If more than 60 days will be needed to correct the violation, the regulated entity must so notify the Coast Guard, in writing, before the 60-day period has passed. Where appropriate, to satisfy conditions of this section and V.5.e, the Coast Guard may require a regulated entity to enter into a publicly available written agreement, administrative consent order, or judicial consent decree as a condition of obtaining relief under the Voluntary Disclosure Policy particularly where compliance or remedial measures are complex or a lengthy schedule for attaining and maintaining compliance or re-mediating harm is required. In all cases, the regulated entity will be expected to do its utmost to achieve or return to compliance as expeditiously as possible.

**V.5.e. Prevent Recurrence**

The regulated entity must agree to take steps to prevent a recurrence of the violation after it has been disclosed. Preventive steps may include, but are not limited to, improvements to the entity's environmental auditing efforts or compliance management system.

**V.5.f. No Pattern of Violations**

Bars repeat offenders from receiving Disclosure Policy credit. The specific violation (or a related violation) has not occurred previously within the past three years involving the same vessel, and has not occurred within the past five years as part of a pattern involving multiple vessels owned or operated by the same entity. If a vessel has been newly acquired, the existence of a violation prior to acquisition does not trigger the repeat violations exclusion.

Commandant (CG-3PCA) will make the final determination of whether or not a previous violation is "related" for the purpose of applying this section. For the purposes of this section, a violation is:

- A violation of Federal, State or local environmental law identified in a judicial or administrative order, consent agreement or order, complaint, or notice of violation, conviction or plea agreement; or
- Any act or omission for which the regulated entity has previously received leniency from the Coast Guard or a State or local agency.

The repeat violation exclusion benefits both the public and law-abiding entities by ensuring that the recommendation of criminal prosecution is not waived for those regulated entities that have previously been notified of violations and fail to prevent repeat violations. The three-year and five-year "bright lines" in the exclusion are designed to provide regulated entities with clear notice about when the Disclosure Policy will be available.

The three-year period begins to run when the government, a third party, or the regulated entity has notice of a specific violation, without regard to when the original violation cited in the notice actually occurred. Examples of notice include a complaint, consent order, notice of violation, receipt of an inspection report, citizen suit, or previous treatment under the voluntary disclosure policy.

**V.5.g. Other Violations Excluded**

- Violation resulted in serious actual harm, or may have presented an imminent and substantial endangerment, to human health or the environment. However, this condition does not bar a regulated entity from qualifying for Disclosure Policy relief solely because the violation involves release of a pollutant to the environment, to the extent such releases do not necessarily result in serious actual harm or an imminent and substantial endangerment.

- Violates specific terms of any judicial or administrative order, consent agreement, or plea agreement. Once a consent agreement has been negotiated, there is little incentive to comply if there are no sanctions for violating its specific requirements. The exclusion in this section also applies to violations of the terms of any response, removal



or remedial action covered by a written agreement.

**V.5.h. Cooperation**

The regulated entity must cooperate with the Coast Guard and provide it with the information needed to determine Disclosure Policy applicability. The regulated entity must not hide, destroy, or tamper with possible evidence following discovery of potential environmental violations. In order for the Coast Guard to apply the Disclosure Policy fairly, it must have sufficient information to determine whether its conditions are satisfied in each individual case.

Responsible parties that disclose potential criminal violations may expect a thorough review by the Coast Guard. In criminal cases, entities will be expected to provide, at a minimum, the following: access to all requested documents; access to all employees of the disclosing entity; assistance in investigating the violation, any noncompliance problems related to the disclosure, and any environmental consequences related to the violations; access to all information relevant to the violations disclosed, including that portion of the environmental audit report or documentation from the compliance management system that revealed the violation; and access to the individuals who conducted the audit or review.

## Other Issues

**V.6. Privilege or immunity**

The Coast Guard remains firmly opposed to statutory environmental audit privileges that shield evidence of environmental violations and undermine the public's right to know, as well as to blanket immunities, particularly immunities for violations that reflect criminal conduct, present serious threats or actual harm to health and the environment, allow non-complying companies to gain an economic advantage over their competitors, or reflect a repeated failure to comply with Federal law. The Coast Guard reserves its right to take necessary actions to protect public health or the environment by enforcing against any violations of Federal law.

**V.7. Applicability**

This Disclosure Policy applies to criminal violations under all of the Federal environmental statutes that the Coast Guard administers. This Policy sets forth factors for consideration that will guide the Coast Guard in the exercise of its enforcement discretion. The Policy is not final agency action and is intended only as guidance. This Policy is not intended, nor can it be relied upon, to create any rights enforceable by any party in litigation with the United States. The Coast Guard may decide to follow guidance provided in this Manual or to act at variance with it based on its analysis of the specific facts presented. This Policy may be revised without public notice to reflect changes in the Coast Guard's approach to providing incentives for self-policing by regulated entities, or to clarify and update text. For purposes of this Policy, violations discovered pursuant to an environmental audit or compliance management system may be considered voluntary.

**V.8. Public accountability**

The Coast Guard will make publicly available the terms and conditions of any compliance agreement reached under this Policy, including the nature of the violation, the remedy, and the schedule for returning to compliance.

Appendix V – Environmental Crimes: Voluntary Disclosure Policy

UNITED STATES COAST GUARD
1790

