UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 21-126** |
| **EMPIRE BULKERS, LTD., ET AL** | **SECTION: "S"** |

### ORDER

The United States has filed a **Rule to Revoke Probation** (Rec. Doc. 356) in this matter that is set for September 4, 2024. Having been informed by counsel that the facts underlying the Rule were contested, the court ordered counsel to make a pre-hearing joint submission identifying the exact factual issues in dispute. The parties have made their submission, which the court has reviewed. Based on its review of the entire record, including the joint submission, the Rule, the Plea Agreement, the Environmental Compliance Plan ("ECP"), and applicable law, the court has determined that the scope of the hearing shall be limited as discussed below.

The four violations alleged require resolution of the following questions: (1) whether notifying the Court Appointed Monitor ("CAM") within 14 days of a non-compliance event qualifies as "prompt" notice under the ECP; (2) whether Empire Bulkers' conducting a unilateral investigation of the non-compliance event violates the ECP; (3) whether the ECP requirement for a Third-Party Auditor to conduct reviews of shoreside training requires that any such reviews be made on-site and in person; and (4) whether the ECP requires Empire Bulkers to notify the CAM or other parties of certain changes in corporate structure (namely, the re-assignment of the Managing Director's role as the individual to whom the Corporate Compliance Manager must

report to other Empire Bulkers employees).

The resolution of these four questions depends entirely upon interpretation of the language of the ECP, part of the Plea Agreement in this matter. "[P]lea bargains are essentially contracts." Puckett v. United States, 556 U.S. 129 (2009). Thus, they are interpreted according to contract law principles. Garza v. Idaho, 586 U.S. 232, 238 (2019). "A determination of whether a contract is ambiguous and the interpretation of a contract are questions of law." Reliant Energy Servs. v. Enron Canada Corp., 349 F.3d 816, 821 (5th Cir. 2003). "The mere fact that the parties may disagree on the meaning of a contractual provision is not enough to constitute ambiguity." Id. Courts look to the plain language of the contract, its context, and its purposes to determine intent. Id. (citations omitted). Thus, the resolution of the four issues itemized above can be determined by the court as a legal question on the record before it without additional testimony or evidence.

Accordingly,

**IT IS ORDERED** that the hearing will go forward on Wednesday, September 4, 2024 with parties allowed to make arguments not exceeding 20 minutes per side, but no additional evidence will be adduced.

New Orleans, Louisiana, this 30th day of August, 2024.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**